1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  BARBARA LINHART, on behalf of
      herself and all others similarly
12    situated,

13           Plaintiff,

14       v.

15  NEW YORK LIFE INSURANCE
      COMPANY;
16  NEW YORK LIFE INSURANCE
      AND ANNUITY
17    CORPORATION;
    LIFE INSURANCE COMPANY OF
18    NORTH AMERICA;
    NYLIFE INSURANCE COMPANY
19    OF ARIZONA; and
    DOES 1 to 50, inclusive,
20
             Defendants.
21

Case No. 5:21-cv-01640-JWH-KKx

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [ECF No. 39]**

22
23
24
25
26
27
28

1    Before the Court is the motion of Defendant New York Life Insurance

2 Company ("New York Life Insurance") to dismiss the Amended Complaint of

3 Plaintiff Barbara Linhart.[1]  The Court finds this matter appropriate for

4 resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After

5 considering the papers filed in support and in opposition,[2] the Court orders that

6 the Motion is **GRANTED**, as set forth herein.

## I.  BACKGROUND

8    This case concerns a contractual dispute regarding a life insurance policy

9 (the "Policy").  Linhart is the beneficiary of the Policy, which was issued to her

10 late husband.[3]  After her husband died, Linhart's claim for the Policy's proceeds

11 was denied, giving rise to this litigation.[4]  The remaining defendants[5] are New

12 York Life Insurance and Annuity Corporation ("New York Life Annuity")—a

13 signatory to the Policy—and movant New York Life Insurance, a non-signatory.

14 Linhart alleges that, under the Policy's terms, both New York Life Annuity and

15 New York Life Insurance are insuring parties, and, therefore, both are

16 contractually liable for Linhart's claims for relief.  Although New York Life

17 Annuity and New York Life Insurance are related, they are distinct legal entities;

18 they both are part of the New York Life Group family of companies that

19 administer life insurance policies, but New York Life Annuity is a mutual

---

[1]    New York Life Ins. Co.'s Mot. to Dismiss Pl.'s Am. Compl. (the "Motion") [ECF No. 39].

[2]    The Court considered the following papers: (1) Am. Compl. (the "Amended Complaint") [ECF No. 38]; (2) the Motion (including its attachments); (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 47]; and (4) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 51].

[3]    Opposition 3:10.

[4]    Amended Complaint ¶ 1.

[5]    Linhart dismissed the other two named defendants—Life Insurance Company of North America and NYLife Insurance Company of Arizona—when she amended her Complaint in December 2021.  *See* Order Approving Filing of First Am. Compl [ECF No. 37].

-2-

insurance company incorporated in New York state, while New York Life Insurance is incorporated in Delaware.[6]

Linhart filed her Complaint commencing this action in September 2021. In December 2021, Linhart filed her Amended Complaint asserting two claims for relief: (1) breach of contract; and (2) breach of the implied covenant of good faith and fair dealing. New York Life Insurance, arguing that it is not a party to the Policy, filed the instant Motion in January 2022, and it is fully briefed.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(1)

As the party seeking to invoke the federal court's jurisdiction, the plaintiff has the burden of alleging specific facts sufficient to prove Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). When a party may lack standing, Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal based upon lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of demonstrating standing "for each claim" and "for each form of relief" that she seeks. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 352 (2006) (internal citations and quotations omitted). The court should dismiss an action when the face of the complaint does not demonstrate a basis for standing. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); Fed. R. Civ. P. 8(a) & 12(b)(1).

"Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways[:]" through a facial attack or a factual attack. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack accepts the plaintiff's allegations as true but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for*

---

[6]   *Id.* at ¶ 19.

1   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).  The court resolves a

2   facial attack "as it would a motion to dismiss under Rule 12(b)(6)":  in accepting

3   the plaintiff's allegations as true and drawing all reasonable inferences in her

4   favor, the court determines "whether the allegations are sufficient as a legal

5   matter to invoke the court's jurisdiction." *Id.*

6        In contrast, a factual attack contests "the truth of the plaintiff's factual

7   allegations," typically by introducing evidence outside the pleadings. *Id.*

8   "When the defendant raises a factual attack, the plaintiff must support her

9   jurisdictional allegations with 'competent proof,' under the same evidentiary

10  standard that governs in the summary judgment context." *Id.* (internal citation

11  omitted).  The plaintiff bears the burden of proving—by a preponderance of the

12  evidence—that she meets each of the requirements for subject-matter

13  jurisdiction, with one caveat:  if the existence of jurisdiction turns on "disputed

14  factual issues," then the court itself may resolve those factual disputes. *Id.*

15  **B.     Motion to Dismiss Under Rule 12(b)(6)**

16       A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in

17  a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In ruling

18  on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and

19  construed in the light most favorable to the nonmoving party." *Am. Family*

20  *Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002).

21  Although a complaint attacked by a Rule 12(b)(6) motion "does not need

22  detailed factual allegations," a plaintiff must provide "more than labels and

23  conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

24       To state a plausible claim for relief, the complaint "must contain

25  sufficient allegations of underlying facts" to support its legal conclusions. *Starr*

26  *v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Factual allegations must be

27  enough to raise a right to relief above the speculative level on the assumption

28

-4-

1   that all the allegations in the complaint are true (even if doubtful in fact) . . . ."

2   *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

3        Accordingly, to survive a motion to dismiss, a complaint "must contain

4   sufficient factual matter, accepted as true, to state a claim to relief that is

5   plausible on its face," which means that a plaintiff must plead sufficient factual

6   content to "allow[] the Court to draw the reasonable inference that the

7   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

8   678 (2009) (internal quotation marks omitted).  A complaint must contain

9   "well-pleaded facts" from which the Court can "infer more than the mere

10   possibility of misconduct." *Id.* at 679.

## C.   Leave to Amend Under Rule 15(a)

12        Pursuant to Rule 15(a), leave to amend "shall be freely granted when

13   justice so requires."  The purpose underlying the amendment policy is to

14   "facilitate decision on the merits, rather than on the pleadings or

15   technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Leave to

16   amend should be granted unless the Court determines "that the pleading could

17   not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United*

18   *States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### III.  DISCUSSION

20        The Motion poses the question:  who are the parties to the contract?  New

21   York Life Insurance seeks the dismissal of Linhart's claims for relief against it

22   because, in its view, it did not issue the Policy to Linhart, and, therefore, it is not

23   contractually liable to Linhart.  New York Life Insurance contends that the

24   contract was solely between the signatories:  Linhart and New York Life

25   Annuity.[7]

---

[7]    Motion 4:20-10:11.

Linhart responds that New York Life Insurance consented to—and is a joint party to—the contract based upon the Policy language.[8]  In Linhart's view, she has plausibly alleged a joint contract between her and both New York Life Insurance and New York Life Annuity, thus satisfying the existence of a contractual right to sue New York Life Insurance.[9]  Accordingly, the dispute here concerns whether Linhart plausibly alleges that New York Life Insurance is a joint party to the Policy, thereby imposing contractual liability on non-signatory New York Life Insurance.  But if New York Life Insurance is ***not*** a joint party, then Linhart fails to state a claim against New York Life Insurance on which relief can be granted and Linhart lacks standing to sue New York Life Insurance.

Under California law, only a "signatory to a contract" may be liable for breaching that contract.  *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).  That is so because a party's "consent" is essential to a contract's existence.  *See* Cal. Civ. Code § 1550.  Those contractual requirements are identical in the insurance context.  *See Jones v. AIG Risk Mgmt., Inc.*, 726 F. Supp. 2d 1049, 1054 (N.D. Cal. 2010).

A plaintiff may nevertheless proceed with claims for breach of contract and for breach of the implied covenant of good faith and fair dealing against non-signatories to a contract "on the basis of joint liability theories."  *Florists' Mut. Ins. Co. v. Floricultura Pac., Inc.*, 2020WL 6440039, at *3 (N.D. Cal. Apr. 3, 2020) (citing *Wallis v. Centennial Ins. Co.*, 2013 WL 3803971, at *3 (E.D. Cal. July 19, 2013) (collecting cases)).  But the fact "[t]hat companies are affiliated is not, by itself, a basis for imposing joint liability."  *Id.*

---

[8]      Opposition 8:10-12.

[9]      *Id.* at 10:3-7.

"The problem" with Linhart's position here "is that [she] fails to sufficiently plead the required elements" under any joint liability theory. *See id.* In fact, in neither the Amended Complaint nor the Opposition does Linhart propose ***any*** recognized joint liability theory—such as joint venture, agency theory, or alter ego—to impose contractual liability upon New York Life Insurance.[10]  Linhart herself admits that she does not advance either an alter ego or a joint venture theory to hold New York Life Insurance liable, acknowledging that such theories are "difficult to assert."[11]  In Linhart's view, those theories "are not applicable here" because Linhart instead has "expressly alleged the type of joint contractual liability that has long been recognized under California law"—contractual liability based primarily upon the use of a trade name to establish a non-signatory's consent.[12]  The Court, unable to find support for Linhart's proposition in the caselaw, is not convinced.  In reality, perhaps Linhart avoids asserting any recognized joint liability theories and avoids attempting to meet their elements because, as New York Life Insurance suspects, Linhart "tries to bypass" their onerous requirements.[13]  Linhart cannot avoid doing so.

The Court concludes that Linhart fails to allege sufficiently that New York Life Insurance is an insuring party to the Policy and, hence, that her injuries are "fairly traceable" to New York Life Insurance.  Accordingly, the

---

[10]     *See, e.g.*, Amended Complaint ¶ 35 (alleging that "[t]he Policy repeatedly uses 'New York Life' to refer jointly to New York Life Insurance Company and New York Life Insurance and Annuity Corporation, and thus undertakes the policy obligations jointly on behalf of both [New York Life Insurance and New York Life Annuity] to Mr. Linhart").

[11]     Opposition 8:4-12.

[12]     *See* Opposition 5:20-22 & 6:1-8 & 6:15-19 (arguing, in addition, that the Policy's reference to "[New York Life Insurance] ***or*** [New York Life Annuity] as the entities [that] agree to pay death benefits" shows that New York Life Insurance is a party to the Policy) (emphasis added); Reply 8:6-19.

[13]     Reply 8:6-7.

Court concludes that Linhart fails to state a claim for relief against New York Life Insurance and, therefore, that she lacks standing against New York Life Insurance.[14]  Linhart's claims against New York Life Insurance are **DISMISSED**.  That said, it may be possible for Linhart to plead a viable theory supporting a claim for relief against New York Life Insurance.  Accordingly, the Court grants Linhart **leave to amend**.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.     New York Life Insurance's Motion is **GRANTED**.  Linhart's claims against New York Life Insurance are **DISMISSED with leave to amend**.

2.     Linhart is **DIRECTED** to file an amended pleading, if at all, no later than September 9, 2022.  If Linhart chooses to file an amended pleading, then she is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to First Amended Complaint that provides the Court with a redline version that shows the amendments.  If Linhart fails to file her amended pleading by September 9, 2022, then the Court will **DISMISS** Linhart's claims against New York Life Insurance Plaintiff's **with prejudice**.

3.     If Linhart chooses to file an amended pleading, then New York Life Insurance and New York Life Annuity are **DIRECTED** to file their respective responses thereto no later than September 30, 2022.

**IT IS SO ORDERED.**

Dated:  August 22, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[14]     For the sake of completeness, the Court also rejects Linhart's argument that New York Life Insurance Company's contentions, allegedly resting on "factual disputes," cannot be determined at this stage of litigation. *See* Opposition 1:22-2:1 & 2:4-8.  As discussed above, Linhart has failed to carry her pleading burden.