MAYNARD COOPER & GALE, LLP
Cindy M. Rucker (SBN 272465)
crucker@maynardcooper.com
10100 Santa Monica Blvd., Suite 550
Los Angeles, CA 90067
T: (323) 596-4500
F: (205) 254-1999

MAYNARD COOPER & GALE, P.C.
Michael D. Mulvaney (*pro hac vice*)
mmulvaney@maynardcooper.com
John A. Little, Jr. (*pro hac vice*)
jlittle@maynardcooper.com
Caleb C. Wolanek (*pro hac vice*)
cwolanek@maynardcooper.com
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 352103
T: (205) 254-1000
F: (205) 254-1999

Attorneys for Defendant
New York Life Insurance and Annuity Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Barbara Linhart, on behalf of herself and all others similarly situated.

                                        Plaintiff,

        v.

New York Life Insurance and Annuity Corporation, and Does 1 to 50, inclusive,

                                        Defendants.

Case No. 5:21-cv-01640-JWH-KKx

**AMENDED JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

District Judge: Hon. John W. Holcomb
Mag. Judge: Hon. Kenly Kiya Kato

Complaint Filed: September 28, 2021

**DISCOVERY MATTER**

1   **1.      A. PURPOSES AND LIMITATIONS**

2       Discovery in this action is likely to involve production of confidential, proprietary,

3   or private information for which special protection from public disclosure and from use

4   for any purpose other than prosecuting this litigation may be warranted. Accordingly,

5   the parties hereby stipulate to and petition the Court to enter the following Protective

6   Order. The parties acknowledge that this Protective Order does not confer blanket pro-

7   tections on all disclosures or responses to discovery and that the protection it affords

8   from public disclosure and use extends only to the limited information or items that are

9   entitled to confidential treatment under the applicable legal principles. The parties further

10  acknowledge, as set forth in Section 12.3 below, that this Protective Order does not en-

11  title them to file confidential information under seal; Civil Local Rule 79-5 sets forth the

12  procedures that must be followed and the standards that will be applied when a party

13  seeks permission from the court to file material under seal.

14      **B. GOOD CAUSE STATEMENT**

15      This civil action is likely to involve private personal information related to life

16  insurance and life insurance applications, including, potentially, health and financial in-

17  formation, as well as proprietary business practices, procedures, and other information

18  for which protection from public disclosure and from use for any purpose other than

19  prosecution of this action is warranted. Such confidential and proprietary materials and

20  information may consist of, among other things, confidential business or financial infor-

21  mation, information regarding confidential business practices, or other confidential re-

22  search, development, or commercial information (including information implicating pri-

23  vacy rights of third parties), information otherwise generally unavailable to the public,

24

1   or which may be privileged or otherwise protected from disclosure under state or federal

2   statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow

3   of information, to facilitate the prompt resolution of disputes over confidentiality of dis-

4   covery materials, to adequately protect information the parties are entitled to keep con-

5   fidential, to ensure that the parties are permitted reasonable necessary uses of such ma-

6   terial in preparation for and in the conduct of trial, to address their handling at the end of

7   the litigation, and serve the ends of justice, a protective order for such information is

8   justified in this matter. It is the intent of the parties that information will not be designated

9   as confidential for tactical reasons and that nothing be so designated without a good faith

10  belief that it has been maintained in a confidential, non-public manner, and there is good

11  cause why it should not be part of the public record of this case.

12  **2.    DEFINITIONS**

13      **2.1.**   Action: The civil action styled *Barbara Linhart v. New York Life Insurance*

14  *and Annuity Corporation*, which is Case No. 5:21-cv-1640 in the United States District

15  Court for the Central District of California.

16      **2.2.**   Challenging Party: A Party or Non-Party that challenges the designation of

17  information or items under this Protective Order.

18      **2.3.**   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or

19  Items: Information (regardless of how it is generated, stored or maintained) or tangible

20  things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as

21  specified above in the Good Cause Statement.

22      **(a)**    "CONFIDENTIAL" Information is information designated as

23

24

1  "CONFIDENTIAL" by the Designating Party that falls within one or more of the fol-

2  lowing categories: (1) medical information concerning any individual; (2) personal iden-

3  tifying information; (3) income tax returns (including attached schedules and forms), W-

4  2 forms, or 1099 forms; or (4) personnel or employment records. "CONFIDENTIAL"

5  Information is also information concerning a person's business operations, processes,

6  sales, marketing, financial data, technical information, or development information

7  within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that per-

8  son's competitive position, or the disclosure of which would contravene an obligation of

9  confidentiality to a third person or to a Court. Information or documents that are availa-

10 ble to the public may not be designated as "CONFIDENTIAL" Information.

11      **(b)**   "HIGHLY CONFIDENTIAL" Information means information des-

12 ignated as "HIGHLY CONFIDENTIAL" by the Designating Party that falls within one

13 or more of the following categories: (1) information prohibited from disclosure by stat-

14 ute; or (2) information that reveals trade secrets. "HIGHLY CONFIDENTIAL" Infor-

15 mation is also information within the scope of Rule 26(c)(1)(G) that is current or future

16 business or technical trade secrets, sales, marketing, financial data or plans more sensi-

17 tive or strategic than "CONFIDENTIAL" Information, the disclosure of which is likely

18 to significantly harm that person's competitive position, or the disclosure of which would

19 contravene an obligation of confidentiality to a third person or to a Court. Information

20 or documents that are available to the public may not be designated as "HIGHLY CON-

21 FIDENTIAL" Information.

22      **2.4.**  Counsel: Outside Counsel of Record and House Counsel (as well as their

23 support staff).

24

**2.5.** Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**2.6.** Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7.** Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.8.** House Counsel: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9.** Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**2.10.** Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**2.11.** Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12.** Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.13.** <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14.** <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information.

**2.15.** <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial or other court hearings or proceedings.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without

prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1.**    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2.**    Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

**(a)** For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), a Producing Party may designate a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information for protection under this Protective Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. In addition, for electronically stored information produced as native files, the confidentiality designation, if any, shall appear in the file name with "CONF" for "CONFIDENTIAL" Information and "HICONF" for "HIGHLY CONFIDENTIAL" Information." By way of example, appropriate hypothetical file names would be NYL01234567_CONF and NYL01234568_HICONF.

As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

**(b)**    Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be temporarily treated as "HIGHLY CONFIDENTIAL" Information until the earlier of the following: 14 days after the transcript is delivered to each party, the witness, and the witness's counsel, or 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Protective Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," unless otherwise ordered by the Court.

**(c)**    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3.**    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document or deposition testimony. If a Designating Party designates a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information after it was initially

produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order. No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1.**   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.2.**   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

**6.3.**   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1.**   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action

only for prosecuting, defending, or attempting to settle this Action, at all stages, including appeal. A Receiving Party is prohibited from using or permitting the use of such Protected Material for any other purpose or in any other proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Each Receiving Party and its Counsel is required to have and maintain adequate measures to protect Protected Material against unauthorized access by third parties and against any other inadvertent or unauthorized disclosure.

**7.2.** <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**(a)** The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action.

**(b)** House Counsel of the Receiving Party.

**(c)** Individual parties and employees of the Receiving Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

**(d)** Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A).

(e)     The court and its personnel.

(f)     Court reporters and their staff.

(g)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document in the course of litigation).

(i)     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that, unless otherwise agreed by the Designating Party or ordered by the court: (1) the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) witnesses and attorneys for witnesses shall not retain a copy of any Protected Material, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(j)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(k)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

**7.3.**    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to those identified in Sections 7.2(a) or 7.2(c)–(k) of this Protective Order.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

**(a)** Immediately, and in no event more than three court days after receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**(b)** Immediately notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

**(c)** Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed

1  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful di-

2  rective from another court.

## 9.    A   NON-PARTY'S   PROTECTED   MATERIAL   SOUGHT   TO   BE   PRODUCED IN THIS LITIGATION

**9.1.**   The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**9.2.**   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**(a)**   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**(b)**   Promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

**(c)**   Make the information requested available for inspection by the Non-Party, if requested.

**9.3.**   If the Non-Party fails to seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be estab-

lished in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected material is not a waiver in the pending case or in any other federal or state proceeding

**12.     MISCELLANEOUS**

    **12.1.**  <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

    **12.2.**  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    **12.3.**  <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

    **12.4.**  Any motion relating to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or seeking to modify or amend this Protective Order, must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

**12.5.**  By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**12.6.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**12.7.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order shall be construed or presented as a judicial determination that any document or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

## 13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate)

all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.   ENFORCEMENT**

Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1  DATED: September 7, 2022                    Respectfully submitted,

2                                              KLEVATT & ASSOCIATES, LLC

3                                              /s/ *David S. Klevatt*
                                               David S. Klevatt (*pro hac vice*)
4                                              dklevatt@insurancelawyer.com
                                               77 West Wacker Drive, Suite 4500
5                                              Chicago, IL 60601
                                               T: (312) 782-9090
6
                                               HAGENS BERMAN SOBOL SHAPIRO LLP
7                                              Steve W. Berman (*pro hac vice*)
                                               steve@hbsslaw.com
8                                              1301 Second Ave, Suite 2000
                                               Seattle, WA 98101
9                                              T: (206) 623-7292
                                               F: (206) 623-0594
10
                                               Christopher R. Pitoun (SBN 290235)
11                                             christopherp@hbsslaw.com
                                               301 North Lake Avenue, Suite 920
12                                             Pasadena, CA 91101
                                               T: (213) 330-7150
13
                                               SPERLING & SLATER, P.C.
14                                             Joseph M. Vanek (*pro hac vice*)
                                               jvanek@sperling-law.com
15                                             Mitchell H. Macknin (*pro hac vice*)
                                               mhmacknin@sperling-law.com
16                                             John P. Bjork (*pro hac vice*)
                                               jbjork@sperling-law.com
17                                             55 W. Monroe Street, Suite 3500
                                               Chicago, IL 60603
18                                             T: (312) 641-3200

19
                                               *Attorneys for Plaintiff BARBARA LINHART, on*
20                                             *behalf of herself and all others similarly situated*

21

22

23

24
06550646.1                                     - 19 -

Amended Joint Stipulation and [Proposed] Protective Order Regarding Confidential Information

1    DATED: September 7, 2022        MAYNARD COOPER & GALE, P.C.

2                                    */s/ John A. Little, Jr.*
     John A. Little, Jr. (*pro hac vice*)
3    jlittle@maynardcooper.com
     Michael D. Mulvaney (*pro hac vice*)
4    mmulvaney@maynardcooper.com
     Caleb C. Wolanek (*pro hac vice*)
5    cwolanek@maynardcooper.com
     1901 Sixth Avenue North, Suite 1700
6    Birmingham, AL 35203
     T: (205) 254-1000
7    F: (205) 254-1999

8                                    MAYNARD COOPER & GALE, LLP
     Cindy M. Rucker (SBN 272465)
9    cmekari@maynardcooper.com
     10100 Santa Monica Boulevard, Suite 550
10   Los Angeles, CA 90067
     T: (323) 987-3356
11   F: (205) 254-1999

12                                   *Attorneys for Defendant NEW YORK LIFE*
                                     *INSURANCE AND ANNUITY CORPORATION*
13

14

15              **LOCAL RULE 5-4.3.4(a)(2)(i) ATTESTATION**

16         I, John A. Little, Jr., attest that the above-listed signatories, on whose behalf this

17   document is being filed, have concurred in the filing's content and have authorized the

18   filing pursuant to Local Rule 5-4.3.4(a)(2)(i).

19   DATED: September 7, 2022        MAYNARD COOPER & GALE, P.C.

20                                   */s/ John A. Little, Jr.*
     John A. Little, Jr.
21                                   *Attorney for Defendant*

22

23

24

     06550646.1                          - 20 -

1
2

**[PROPOSED]**
<u>**ORDER**</u>

3    **IT IS HEREBY ORDERED**, good cause appearing, that the terms of the

4    Amended Joint Stipulation and [Proposed] Protective Order Regarding Confidential In-

5    formation**,** submitted and agreed to by Plaintiff Barbara Linhart and Defendant New

6    York Life Insurance and Annuity Corporation meet with the Court's approval. The

7    Amended Stipulation and [Proposed] Protective Order Regarding Confidential Infor-

8    mation is hereby adopted as the Order of the Court.

9    **IT IS SO ORDERED.**

10

11   DATED:   September 8, 2022

12   _____

13   HONORABLE KENLY KIYA KATO
     UNITED STATES MAGISTRATE JUDGE

14
15
16
17
18
19
20
21
22
23
24

Amended Joint Stipulation and [Proposed] Protective Order Regarding Confidential Information

**EXHIBIT A**
<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Joint Stipulation and Protective Order Regarding Confidential Information that was issued by the United States District Court for the Central District of California on _____, 2022, in the case of *Barbara Linhart v. New York Life Insurance and Annuity Corporation*, Case No. 5:21-cv-1640. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

06550646.1

- 22 -

Amended Joint Stipulation and [Proposed] Protective Order Regarding Confidential Information