Michael D. Mulvaney (*pro hac vice*)
mmulvaney@maynardcooper.com
John A. Little, Jr. (*pro hac vice*)
jlittle@maynardcooper.com
Caleb C. Wolanek (*pro hac vice*)
cwolanek@maynardcooper.com
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 352103
T: (205) 254-1000
F: (205) 254-1999

Christopher Pitoun (SBN 290235)
christopherp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
T: (213) 330-7150
F: (213) 330-7152
Attorney for Plaintiff

[Additional Counsel Listed on Signature Pages]

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION—RIVERSIDE**

| | |
|---|---|
| BARBARA LINHART,<br>on behalf of herself and<br>all others similarly situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>NEW YORK LIFE INSURANCE<br>AND ANNUITY CORPORATION;<br>and DOES 1 TO 50, inclusive,<br><br>                  Defendants. | Case No. 5:21-cv-01640-JWH-KK<br><br>**JOINT RULE 26(f) REPORT**<br><br>District Judge: Hon. John W. Holcomb<br>Magistrate Judge: Hon. Kenly Kiya Kato<br><br>Initial Complaint Filed: Sept. 28, 2021<br><br>Scheduling Conference: Dec. 2, 2022 |

Plaintiff Barbara Linhart and Defendant New York Life Insurance and Annuity Corporation (collectively, "the Parties") jointly submit the following Rule 26(f) Report.

## 1. STATEMENT OF THE CASE

### A. Plaintiff's Position:

This lawsuit alleges that Defendant breached its insurance policies and the implied covenant of good faith and fair dealing by failing to process and pay death benefits to life insurance beneficiaries after knowingly and repeatedly violating sections 10113.71 and 10113.72 of the California Insurance Code (the "Statutes"). The Statutes, which became effective on January 1, 2013 ("Effective Date"), are intended to protect consumers, especially seniors, from unintended or uninformed life insurance policy lapses.

Pursuant to the Statutes, life insurance companies must, *inter alia*, 1) give their policyholders an opportunity to designate a third party to receive notice of a potential termination of benefits for non-payment of a premium by providing a form to identify a third-party designee ("Designation Notice Requirement"); and 2) notify the policyholder annually of the right to change the written designation or designate one or more persons. ("Annual Notice Requirement"). For policies originally issued before the Effective Date, Defendant failed to comply with the Statutes in two distinct ways, each of which independently warrant the relief sought in this case. Specifically, Defendant: a) did not provide their policyholders with the requisite form to make the designation as required by the Designation Notice Requirement; and b) did not advise their policyholders of their right to change their designation as required by the Annual Notice Requirement. Instead, Defendant buried a plainly deficient and ambiguous "notice" within other lengthy and unrelated policy materials. Defendant's conduct has been particularly egregious because

it had notice that the California Supreme Court, the Ninth District and multiple courts in the Central District of California have all interpreted the Statutes' requirements as applying in nearly identical circumstances.

With regard to Plaintiff's claims specifically, Defendant wrongfully terminated and refused to pay the benefits of a life insurance policy issued to Mr. Linhart—Mrs. Linhart's husband—who died on August 7, 2021. Plaintiff brings this suit as a class action to hold Defendant accountable for its failure to pay beneficiaries death benefits on life insurance policies, which have severely harmed, and will continue to severely harm if not stopped, numerous families such as Mrs. Linhart's.

**B.     Defendant's Position:**

Defendant denies that the Subject Policy was (or should have been) in full force and effect for its face amount on August 7, 2021. Insufficient premiums were paid to keep the Subject Policy in full force and effect for its face amount until August 7, 2021. Defendant also denies violating the Statutes. Defendant gave Mr. Linhart a 62-day grace period in which to pay premiums. That is a longer grace period than the Statutes required. Defendant repeatedly and timely reminded Mr. Linhart to pay premiums, warning him that the Subject Policy would lapse or terminate if he did not pay necessary premiums. Before the Subject Policy terminated, Defendant annually notified Mr. Linhart that he could designate a third party to receive lapse notices. Defendant reasonably included those annual notices in its "Annual Policy Summary" to Mr. Linhart, and the text of the Statutes required nothing more. Defendant did not violate the Statutes' provision about providing a "form" for use in designating a third party to receive notice, because that statutory provision applies only when there is an "applicant" for a new policy, and Mr.

Linhart was not an "applicant" for the Subject Policy (which was issued in 2007) when the Statutes went into effect (in 2013). Finally, even if Plaintiff could show a breach of contract (she cannot), she cannot show any alleged breach was the proximate cause of any harm, and so she cannot prevail on her contract claim. Because Mr. Linhart wanted to—in his words—"cancel" the Subject Policy, the termination of the Subject Policy was not inadvertent.

Because Defendant did not breach the Subject Policy or the Statutes, it could not have breached the implied covenant of good faith and fair dealing. Defendant also acted reasonably, so it could not have breached the implied covenant. Defendant further denies that this civil action can be properly certified as a class action under Federal Rule of Civil Procedure 23.

**2.    SUBJECT-MATTER JURISDICTION**

This Court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of the State of California. Defendant is a citizen of the State of New York, where it has its principal place of business, and the State of Delaware, where it is incorporated. The amount in controversy exceeds $75,000 because Plaintiff seeks $350,000 in contract damages.

**3.    LEGAL ISSUES**

This case involves these key legal issues:

- Whether Defendant failed to comply with the Statutes;
- Whether Defendant's failure, if any, to comply with the Statutes means the Subject Policy was not terminated;

- Whether Defendant breached the terms of the Subject Policy by failing to pay death benefits, and, if so, the measure of Defendant's liability, if any, for breach of contract;
- Whether Defendant breached the implied covenant of good faith and fair dealing;
- Whether Plaintiff's claims should be certified for class treatment under Federal Rule of Civil Procedure 23;
- If this civil action is certified as a class action, whether Defendant breached one or more other insurance policies within the class;
- The appropriate rate of prejudgment interest, if any; and
- Whether, in the event of a breach of contract, Defendant is entitled to any set-off for unpaid premiums.

**4.   PARTIES, EVIDENCE, ETC.**

**A.   Parties**

<u>Plaintiff</u>:     Barbara Linhart.

<u>Defendant</u>:   New York Life Insurance and Annuity Corporation

**B.   Corporate Disclosure**

Defendant is a corporation organized under the laws of the State of Delaware, having its principal place of business in New York, New York. Defendant is a wholly owned subsidiary of New York Life Insurance Company. New York Life Insurance Company is a mutual insurance company with its principal place of business in New York and is not a subsidiary of any other entity.

### C. Witnesses

These individuals may provide evidence about one or more issues in this case:

- Plaintiff;
- Michael Tobin;
- Corporate representative(s) of Defendant;
- Plaintiff's expert witness(es), if any; and
- Defendant's expert witness(es), if any.

### D. Key Documents

These documents may be important to resolving one or more of the main issues in this case:

- The insurance policy bearing policy number 62 970 515 insuring the life of James Linhart ("the Subject Policy").
- The policy file for the Subject Policy, including the Subject Policy application, correspondence, payments, and other transactions.
- Documents concerning Defendant's implementation of the Statutes.
- Documents identifying the value of the putative class's claims.
- Plaintiff contends that insurance policies issued to putative class members, and documents identifying putative class members, are also key documents.

## 5. DAMAGES

### A. Plaintiff's Position:

Plaintiff's individual damages are the $350,000 face value of her husband's life insurance policy and 10% prejudgment interest from the date of her husband's death as well as bad faith related punitive damages, attorneys' fees and costs. Plaintiff believes

that the class damages are significant and far greater than her individual damages but does not yet have the discovery needed to provide a concrete estimate.

### B.     Defendant's Position:

Defendant contends that neither Plaintiff nor the putative classes she seeks to represent are due any relief.

## 6.    INSURANCE

### A.     Plaintiff's Position:

Plaintiff understands from the public filings that Defendant maintains a reinsurance program for their life insurance portfolio that insures a portion of their life insurance risks.

### B.     Defendant's Position:

Defendant has placed an insurance carrier, U.S. Specialty Insurance Co. ("USSIC"), on notice of this lawsuit. The USSIC policy has an aggregate limit of liability of $15 million, subject to a retention of $5 million per claim. USSIC has issued a reservation of rights.

## 7.    MOTIONS

New York Life Insurance Company has been dismissed from the case and Plaintiff does not currently intend to amend her complaint. The Parties do not presently anticipate motions to add parties or claims, amend pleadings, or transfer venue.

Both Parties anticipate moving for summary judgment under Federal Rule of Civil Procedure 56. The Parties agree the last date to hear such a motion will be January 26, 2024. For any such motion for summary judgment, the moving party agrees to file and serve the motion at such a time as to afford the non-moving party at least 30 days after

service of the motion in which to file an opposition, and the non-moving party agrees to file and serve its opposition at such a time as to afford the moving party at least 21 days after service of the opposition in which to file a reply.

Plaintiff anticipates moving for class certification under Federal Rule of Civil Procedure 23. The Parties agree that the last date to hear such a motion will be August 25, 2023. Plaintiff agrees to file and serve any motion for class certification at such a time as to afford Defendant at least 30 days after service of the motion in which to file an opposition, and Defendant agree to file and serve its opposition at such a time as to afford Plaintiff at least 21 days after service of the opposition in which to file a reply.

**8.     MANUAL FOR COMPLEX LITIGATION**

There may be a need to refer to the Manual for Complex Litigation at the class-certification stage.

**9.     STATUS OF DISCOVERY**

Defendant voluntarily produced a copy of the Subject Policy. The Parties made their Rule 26(a) Initial Disclosures on February 11, 2022. The Parties made document productions as part of their Initial Disclosures.

Plaintiff delivered its First Requests to Produce Documents and First Set of Interrogatories to Defendant on February 25, 2022. The Parties agreed those discovery requests would be deemed served on the date of the Rule 26(f) Conference. Defendant has served Objections and Responses to Plaintiff's First Requests to Produce Documents and First Set of Interrogatories and will produce documents.

**10.    DISCOVERY PLAN**

The Parties propose the following schedule for discovery:

    Fact Discovery Cut-Off:    June 9, 2023

| | |
|---|---|
| Initial Expert Disclosures: | July 14, 2023 |
| Rebuttal Expert Disclosures: | September 15, 2023 |
| Expert Discovery Cut-Off: | October 27, 2023 |
| All Discovery Cut-Off: | October 27, 2023 |

The Parties anticipate that discovery may be needed on the following topics:

- Whether the Subject Policy was in full force and effect under the terms of the Subject Policy at the time of Mr. Linhart's death;
- Whether Defendant breached the terms of the Subject Policy;
- Whether Defendant acted reasonably and in good faith;
- Whether, and to what extent, Plaintiff suffered any damages for which she may recover, and the cause of any such damage;
- Whether, and to what extent, claimed damages could have been mitigated;
- Defendant's compliance with the Statutes;
- Defendant's protocols for complying with the Statutes;
- Defendant's understanding of the Statutes' requirements;
- Defendant's actions regarding insurance policies within the putative class;
- Defendant's issuance, and obligations, if any, as to insurance policies within the putative class;
- Information regarding the putative class, including size, geographic dispersion, alleged claim values, and the treatment of the putative member policies with respect to the Statutes;
- Any other non-privileged matter that is relevant to any claim or defense.

Written discovery may include requests for admission, requests for production of documents, and interrogatories.

The Parties anticipate that the following individuals may need to be deposed:

- Plaintiff;
- Michael Tobin;
- Corporate representative(s) of Defendant;
- Plaintiff's expert witness(es), if any; and
- Defendant's expert witness(es), if any.

Depositions are to be completed before the Final Discovery Cut-Off.

The Parties do not propose to change the discovery limitations imposed by the Federal Rules of Civil Procedure.

The Court has entered a protective order to address issues regarding claims of privilege and confidentiality (ECF No. 63), as well as an order regarding the treatment and handling of electronically stored information (ECF No. 64).

The inadvertent or unintentional disclosure of any attorney–client or otherwise privileged information or work-product-immunity-protected information, shall not, by itself, be construed to be a waiver, in whole or in part, of the parties' claims of privilege or work-product immunity, either as to the specific attorney–client or otherwise privileged information or work-product-immunity-protected information disclosed or as to other related information.

**11.   DISCOVERY CUT-OFF**

The Parties propose an All Discovery Cut-Off of October 27, 2023.

## 12. EXPERT DISCOVERY

The Parties propose these deadlines for expert-witness disclosures and discovery:

        Initial Expert Disclosures:       July 14, 2023

        Rebuttal Expert Disclosures:   September 15, 2023

        Expert Discovery Cut-Off:     October 27, 2023

## 13. DISPOSITIVE MOTIONS

Both Parties intend to file summary-judgment motions with respect to Plaintiffs' breach-of-contract and bad-faith claims. (*See also* Section 7, *supra*.)

    **A.**    **Plaintiff's Position on Motions *in Limine*:**

As far as motions *in limine*, Plaintiff believes that such motions may be appropriate at trial. One example is a motion to preclude evidence or argument regarding what Plaintiff or other putative class members would have done with the statutory notices had they been properly provided. Such argument/evidence would be irrelevant, confusing and otherwise inadmissible because causation is not required for Plaintiff to establish Defendant's failure to comply with the Statutes. *See Thomas v. State Farm Life Ins. Co.*, 2021 WL 4596286 (9th Cir. Oct. 6, 2021) ("State Farm argues that Thomas failed to establish causation because she did not offer any evidence that the policies would not have lapsed even had State Farm complied with sections 10113.71 and 10113.72. But this evidence is not necessary for Thomas to prevail."). Causation for purpose of the contract claim can and will be demonstrated though, *inter alia*, Defendant's failure to pay the proceeds on in force policies that had been improperly terminated due to De-

fendant's non-compliance with the Statutes. Other motions in limine may also be appropriate, but Plaintiff is unable to precisely identify them at this time because discovery has just commenced.

### B. Defendant's Position on Motions *in Limine*:

Defendant contends that argument and evidence about causation is entirely proper. Proximate causation is an essential element of any contract claim. *See, e.g.*, *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011); *Troyk v. Farmers Grp.*, 171 Cal. App. 4th 1305, 1352 (2009). The California Court of Appeal and the Southern District of California recently reaffirmed that proof of causation is required in cases about the Statutes. *See McHugh v. Protective Life Ins.*, No. D072863, 2022 WL 6299640, at *8–9 (Cal. Ct. App. Oct. 10, 2022) (unpublished); *Moriarty v. Am. Gen. Life Ins. Co.*, No. 17-cv-1709, 2022 WL 4103080, at *2 (S.D. Cal. Sept. 7, 2022). Further, a motion *in limine* regarding causation would be a disguised motion for summary judgment or summary adjudication. Defendant intends to oppose any motion *in limine* that seeks to exclude evidence of causation.

## 14. SETTLEMENT / ALTERNATIVE DISPUTE RESOLUTION (ADR)

No settlement discussions have taken place to date. The Parties agree that settlement discussions are premature at this time.

At the appropriate time, the Parties agree to a settlement conference with the magistrate judge assigned to the case.

## 15. TRIAL ESTIMATE

This case will be a jury trial.

Plaintiffs estimates that trial will take approximately 5 days. Defendant estimates that trial will take approximately 3–5 court days, assuming that a class is not certified.

At this time, Plaintiff anticipates calling 3–5 witnesses at trial. At this time, Defendant anticipates calling 3–5 witnesses at trial, assuming that a class is not certified.

**16. TRIAL COUNSEL**

Joseph Vanek is expected to try the case for Plaintiff.

Michael Mulvaney is expected to try the case for Defendant.

**17. INDEPENDENT EXPERT OR MASTER**

The Parties agree this is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**18. TIMETABLE**

A Schedule of Pretrial and Trial Dates is attached to this Joint Rule 26(f) Report as Exhibit A.

**19. AMENDING PLEADINGS AND ADDING PARTIES**

The Parties do not currently intend to amend the pleadings or add parties.

**20. OTHER ISSUES**

The Parties have no other issues to report at this time.

**21. MAGISTRATE JUDGE**

The Parties do not agree to try the case before a magistrate judge.

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 | DATED: November 18, 2022 | MAYNARD COOPER & GALE, P.C. |

/s/ *John A. Little, Jr.*
Michael D. Mulvaney (*pro hac vice*)
mmulvaney@maynardcooper.com
John A. Little, Jr. (*pro hac vice*)
jlittle@maynardcooper.com
Caleb C. Wolanek (*pro hac vice*)
cwolanek@maynardcooper.com
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 352103
T: (205) 254-1000
F: (205) 254-1999

MAYNARD COOPER & GALE, LLP
Cindy M. Rucker (SBN 272465)
cmekari@maynardcooper.com
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
T: (323) 596-4500
F: (205) 254-1999

Attorneys for Defendant
NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION

| | | |
|---|---|---|
| 1 | DATED: November 18, 2022 | KLEVATT & ASSOCIATES, LLC |
| 2 | | /s/ *David S. Klevatt* |
| | | David S. Klevatt (*pro hac vice*) |
| 3 | | dklevatt@insurancelawyer.com |
| | | Timothy M. Howe (*pro hac vice* intended) |
| 4 | | tim@chicagolaw.biz |
| | | 77 West Wacker Drive, Suite 4500 |
| 5 | | Chicago, IL 60601 |
| | | T: (312) 782-9090 |

HAGENS BERMAN SOBOL SHAPIRO LLP
Christopher Pitoun (SBN 290235)
christopherp@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
T: (213) 330-7150

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
1301 Second Ave, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594

SPERLING & SLATER, P.C.
Joseph M. Vanek (*pro hac vice*)
jvanek@sperling-law.com
Mitchell H. Macknin (*pro hac vice* intended)
mhmacknin@sperling-law.com
John P. Bjork (*pro hac vice*)
jbjork@sperling-law.com
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
T: (312) 641-3200

KADETSKAYA LAW FIRM LLC
Tatiana Kadetskaya (*pro hac vice* intended)
630 Freedom Business Center Drive
Third Floor, PMB 168
King of Prussia, PA 19406
T: (856) 524-1157

Attorneys for Plaintiff BARBARA LINHART, on behalf of herself and all others similarly situated

**<u>Attestation</u>**

I, John A. Little, Jr., attest that the above-listed signatories, on whose behalf this document is being filed, have concurred in the filing's content and have authorized the filing. C.D. Cal. R. 5-4.3.4(a)(2)(i).

DATED: November 18, 2022        MAYNARD COOPER & GALE, P.C.

/s/ *John A. Little, Jr.*
Attorney for Defendant